Hand-Delivered

FILED
CHARLOTTE, NC
JAN 15 2026
US DISTRICT COURT
WESTERN DISTRICT OF NC

Jamar Kellyman
4264 Griner Cove
Matthews, NC 28105
Phone: (786)-697-4036
E-mail: Jamar_kellyman@yahoo.com

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| **JAMAR KELLYMAN,**<br><br>Plaintiff,<br><br>vs.<br><br>**RARE CARAT, INC.,**<br><br>Defendant | Case No.: Number 3:26-cv-38-SCR<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227)** |

Plaintiff Jamar Kellyman ("Plaintiff") brings this action against Defendant Rare Carat, Inc. ("Defendant" or "Rare Carat") and alleges as follows:

### I. NATURE OF THE ACTION

1. This is a civil action for statutory damages and injunctive relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant transmitted automated, non-emergency marketing text messages to Plaintiff's personal cellular telephone after Plaintiff revoked consent and demanded that all messages stop. Defendant continued sending text messages despite receiving Plaintiff's STOP request.

2. Each text message sent after revocation constitutes a separate and independent violation of the TCPA. Defendant's conduct was knowing and willful, entitling Plaintiff to treble damages under 47 U.S.C. § 227(b)(3).

**COMPLAINT** 1

Case 3:26-cv-00038-SCR-WCM    Document 1    Filed 01/15/26    Page 1 of 7

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

4. This Court has authority to award statutory damages and injunctive relief under 47 U.S.C. § 227(b)(3).

5. Venue is proper in the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1391(b) because:

a. Plaintiff resides in Mecklenburg County, North Carolina;

b. Plaintiff received the unlawful text messages in this District; and

c. A substantial part of the events and injuries giving rise to this action occurred in this District.

## III. PARTIES

6. Plaintiff Jamar Kellyman is a natural person residing in Mecklenburg County, North Carolina.

7. Plaintiff is the subscriber and customary user of cellular telephone number (786) 697-4036, which is assigned to a wireless carrier, used for personal purposes, and for which Plaintiff pays service charges.

8. Defendant Rare Carat, Inc. is a corporation with its headquarters located in Southfield, Michigan and conducts business nationwide, including within North Carolina.

## IV. ARTICLE III STANDING

**COMPLAINT** 2

9. As a direct result of Defendant's conduct, Plaintiff suffered concrete and particularized injuries, including:

a. invasion of privacy and seclusion;

b. nuisance and annoyance;

c. disruption of daily activities;

d. wasted time reviewing and responding to unwanted messages;

e. depletion of phone battery and device resources; and

f. repeated unwanted automated communications after consent was revoked.

10. These injuries are fairly traceable to Defendant's unlawful conduct and are redressable through statutory damages and injunctive relief.

## V. FACTUAL ALLEGATIONS

11. Defendant markets its products and services through automated SMS marketing campaigns. Defendant sent marketing text messages to Plaintiff from SMS short code 69343. Short-code messaging systems are automated mass-texting platforms capable of sending large volumes of messages without human intervention.

12. In or about October 2025, Plaintiff replied to Defendant's message thread with the following message: "Please stop no more text." This message constituted a clear and unambiguous revocation of consent. Plaintiff's STOP request was successfully delivered to Defendant's messaging system.

13. Despite revocation, Defendant continued sending multiple non-emergency

**COMPLAINT** 3

promotional text messages to Plaintiff after the STOP request, including messages received in October 2025, November 2025 and December 2025 within this District. Plaintiff received at least twenty-five (25) post-revocation messages. The messages were purely marketing in nature and not sent for emergency purposes. Plaintiff did not authorize or consent to receive any messages after revocation.

14. Defendant had the ability to suppress Plaintiff's number but failed to do so. Defendant later acknowledged Plaintiff's complaint correspondence and confirmed that Plaintiff's number had been manually removed, demonstrating Defendant's control over the messaging platform. Defendant's failure to honor Plaintiff's STOP request demonstrates knowing and willful misconduct. Plaintiff has preserved screenshots, timestamps, carrier records, and email correspondence, which will be filed as Exhibits A–C.

## VI. LEGAL FRAMEWORK

15. The TCPA prohibits sending text messages to a cellular telephone using an automatic telephone dialing system or automated technology without prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). The Federal Communications Commission has confirmed that consumers may revoke consent by any reasonable means, including replying STOP or otherwise requesting cessation. *In re Rules & Regulations Implementing the TCPA*, 30 FCC Rcd. 7961 (2015). Messages sent after revocation are unlawful. Each unlawful message is independently actionable. Willful or knowing violations entitle a plaintiff to treble damages.

COMPLAINT 4

## VII. ALTERNATIVE AUTOMATION / ATDS ALLEGATIONS

16. In the alternative and to the extent required by law, Plaintiff alleges Defendant used:

(A). an automatic telephone dialing system as defined by the TCPA;

and/or

(b). a mass-texting platform that stores and automatically sends messages to telephone numbers;

and/or

(c). a short-code SMS system capable of transmitting texts in bulk without human intervention;

and/or

(d). equipment functioning as the functional equivalent of an ATDS.

17. Defendant's system transmitted messages from stored contact lists automatically. These allegations are pleaded in the alternative to satisfy pleading standards following *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021).

## COUNT I
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)(1)(A)(iii)

18. Plaintiff realleges all preceding paragraphs.

19. Defendant sent automated marketing text messages to Plaintiff's cellular telephone.

20. Plaintiff revoked consent prior to the messages at issue.

21. Defendant continued sending messages after revocation.

**COMPLAINT 5**

22. The messages were not sent for emergency purposes.

23. Each message constitutes a separate violation of the TCPA.

24. Defendant acted willfully and knowingly. Plaintiff is entitled to:

(a). $500 per unlawful message; and

(b). up to $1,500 per message for willful or knowing violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Award statutory damages of $500 per unlawful text message;

b. Award enhanced damages of up to $1,500 per message;

c. Enter injunctive relief prohibiting Defendant from sending further automated messages to Plaintiff without express consent;

d. Enter an order requiring Defendant to preserve all records, logs, vendor agreements, and metadata related to the text messages at issue;

e. Award costs and such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**COMPLAINT 6**

Date: January 15, 2026

Respectfully submitted,

/s/ Jamar Kellyman
JAMAR KELLYMAN
Plaintiff, Pro Se
4264 Griner Cove
Matthews, NC 28105
Phone: (786) 697-4036
Email: jamar_kellyman@yahoo.com

COMPLAINT 7